46 N.J. Super. 98 (1957)
134 A.2d 39
STATE OF NEW JERSEY
v.
JAMES H. WILLIAMS, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided July 5, 1957.
*99 Mr. Howard T. Rosen argued for the motion.
Mr. Maurice J. McKeown, contra.
FOLEY, J.C.C.
This is a murder case. The defendant moves for the following relief:
1. That he be admitted to bail.
2. That he be permitted to copy his sworn statement to the police.
3. That the State produce for his inspection and copying all statements and reports of persons who will testify in the State's behalf at the trial, a number of such persons being named.
As to bail. The State Constitution provides:
"* * * All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great."
See also R.R. 3:9-1(a). The grand jury having returned an indictment for murder in the statutory form, a capital offense is charged, and for the purposes of an application to admit to bail a strong presumption of guilt is to be inferred. State v. Goldstein, 40 N.J.L.J. 71 (Sup. Ct. 1917). Here there are no proofs to countervail the presumption of guilt. All that is offered is the affidavit of the defendant's attorney, *100 which is, of course, hearsay with respect to the circumstances of the occurrence from which the charge arose. Cf. State v. Tune, 13 N.J. 203 (1953).
The same proof deficiency disposes of the application for leave to copy the defendant's sworn statement to the police.
The application for inspection and copying of statements and reports of the State's witnesses is said to be grounded upon the recent holding in Jencks v. United States, 77 S.Ct. 1007 (1957). The argument runs that the broad view expressed therein creates a right in the defendant to inspect in advance of trial the statements of all who may possibly become witnesses for the State. But Mr. Justice Brennan's holding is considerably narrower than this. In the Jencks case the defense requested the court to examine the Federal Bureau of Investigation's files which were in the possession of the Government and to make available to counsel such parts of it as would be relevant to a proper cross-examination of two government witnesses whose direct testimony was then in the record. Such had been the prevailing practice in the federal courts, and it was the judicial refusal to engage in this screening process which was reviewed. The Supreme Court expressed its disapproval of the practice, and brushing aside the Government's contention that the right asserted required as a predicate a showing of inconsistency between the testimony of the witnesses and the file material, went on to hold that in the circumstances presented justice required that the determination of the effective use of the file for the purpose of discrediting the witnesses should have been left to defense counsel. The important fact underlying this holding is that the particular government witnesses had already testified.
Not so in the instant case. If the defendant herein acquires the right to examine the statements he seeks now to obtain, it should not be until such time as the witnesses whose statements they are or to whom they pertain have testified adversely to him.
The motion in all respects is denied.